Ruffin, Judge
 

 The act of 1818,
 
 (Rev. c.
 
 980) may be said to make certain private agencies, official duties of a constable. If he he liable, for negligence in the discharge of them, he must be so, either as other agents are, or as officers are, when under like circumstances they have process. The act does not create a new' set of principles, upon which a peculiar responsibility is to he imposed on constables ; but only provides that their sureties shall be liable for their acts as agents, when they themselves would be responsible upon their undertakings in that capacity. I take this to be the mean
 
 *438
 
 ing of the statute ; and think the Judge, carried the rule pf diligence as far as he could ‘ in favor of the re^or# (fs objected tliat he did not decide the question himself. 5 agree with liis Honor in Hie opinion expressed by him, and for his reasons, that the plaintiff cannot complain ; for if lie was bound, yet upon-such a mixed question of law and fact, it is sufficient to-give general instructions, not in themselves wrong, unless the party prays for- others more explicit, and in terms applying to the case on trial: but had such been prayed for in this case, they could not have been more favorable to the relator than those given. As to all the debtors but one, there was an absolute insolvency, which continued up to the trial of tiiis suit: and there cannot be a reason why an agent should make the debt his own, by not pressing a pauper. That one was indebted in the petty sum of
 
 $ 3 75 ;
 
 and after the consta--ble’s year expired, had in 1821, a cow and a few sheep- and hogs. He ivas very poor ; but in 1820, in the fore part of the year, his father died, and a small piece of land descended
 
 to him,
 
 which he lias
 
 since sold. The
 
 plaintiff asks a verdict for that, because the constable neglected to have execution out at all times, so as to. cover whatever might fall in. But no knowledge of the death of the father, of the descent or possession of the-, land by the debtor, or of any other property is brought home to the constable. In an ordinary private agency,, would that be the rule ? If execution had been sued by the relator, and delivered to the officer, would that he
 
 the
 
 rule ? Certainly notice of property must be proved, before he is liable for a false return. I do not perceive-that the union of the characters of agent and officer, in the same person, can make a difference. I think, the-constable cannot be chargeable for neglecting to sue execution, unless upon the execution, if sued, he would have also have been liable; for where is the use of an execution, at the expense of his principal, unless there be some probability of making the debt on it ?
 

 I think therefore that the relator has no cause to complain of the judge’s charge
 
 •,
 
 and that he might proper-
 
 *439
 

 \y
 
 have told tbe jury, that thei'e was no negligence.— Avid 5 cannot but express my gratification-that such a case as this, is not to be sent back to another trial.
 

 Per Curiam. — Judgment atetr’mkb.